Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Ste. 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| CHRISTINE STANFORD,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> NCO FINANCIAL SYSTEMS, INC,  ) <br> ) <br> Defendant.  ) | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

**COMPLAINT**

CHRISTINE STANFORD (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Tampa, Hillsborough County, Florida and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

COMPLAINT

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant constantly and continuously places collection calls to Plaintiff at the number (813) 401-2726.

13. Defendant is collecting on a debt Plaintiff does not owe. Defendant's ex-husband is obligated to pay the alleged consumer debt per the terms of the divorce from Plaintiff.

14. Defendant has contacted Plaintiff's mother, father; brother, and friend seeking and demanding payment for an alleged debt (see letter attached hereto as Exhibit "A").

15. Defendant has disclosed the nature and existence of an alleged consumer debt to third parties.

16. Defendant has used abusive language while seeking and demanding payment for an alleged consumer debt.

17. Defendant made multiple representation that they are an attorney while seeking and demanding payment for an alleged consumer debt. No agent from Defendant who contacted Plaintiff was in fact an attorney.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting third parties by failing to properly identify itself and failing to state they are confirming or correcting location information.

    b. Defendant violated *§1692b(2)* of the FDCPA by communicating with third

parties that Plaintiff owes a debt.

    c. Defendant violated *§1692b(3)* of the FDCPA by communicating with third parties more than once.

    d. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties without the consent of Plaintiff.

    e. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    g. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

    h. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

    i. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, CHRISTINE STANFORD, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTINE STANFORD, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: January 29, 2009        KROHN & MOSS, LTD.

By: _____/s/ Ryan Lee_____
Ryan Lee
Attorney for Plaintiff

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA

Plaintiff, CHRISTINE STANFORD, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHRISTINE STANFORD,, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1-28-09                                   *[signature]* CHRISTINE STANFORD

- 7 -

**<u>EXHIBIT A</u>**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COMPLAINT

NCO contacted my mother, father, brother and friend and asking for me to call someone with the 1st name of anthony who represented himself as a lawyer.

NCO begins calling my phone from 8am up until 9pm 7 days per week.

I tried to set up a payment arrangement with them and they were rude and mean to me. One of them hung up on me. They made me feel awful because I couldn't afford the payments they wanted me to make.

NCO asked me if I couldn't afford to pay them how do I pay for my Chrysler loan and how do I pay my bills or survive?

They threatened to take me to court and sue me. Threatened they could take away my vehicle.

## EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: The people that work for NCO have been so rude to me that it has brought me to tears many times. I have tried to talk to them over the phone to reach a payback agreement but all they do is made me feel bad, guilty, worthless.

Pursuant to 28 U.S.C § 1740(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1-28-09

Christine Stanford
Signed Name

Christine Stanford.
Printed Name